SUMMARY ORDER

Plaintiff-Appellant Maria Cedeno, pro se, appeals from the June 25, 2007 judgment of the United States District Court for the Eastern District of New York (Dearie, C.J.) granting the Commissioner of Social Security’s (“Commissioner”) motion to remand for further administrative proceedings. We assume the parties’ familiarity with the underlying facts and the procedural history of the case.
The district court correctly determined that remand is required because further administrative proceedings are necessary. The administrative law judge (“ALJ”) denied Cedeno’s application for disability insurance (“DI”) and supplemental security income (“SSI”) benefits after finding that she was not disabled. However, the ALJ failed to differentiate between the different time periods relevant to Cedeno’s application; in order to show her entitlement to DI benefits, Cedeno would need to prove that she was disabled when she was last insured for benefits in 1993, and would *353 need to show she was disabled in May 2001 in order to obtain SSI benefits. Moreover, the ALJ disregarded the opinion of Dr. Luis Guerra because it was conclusory and not supported by clinical and laboratory diagnostic tests without first seeking additional evidence as required by the relevant regulations. See 20 C.F.R. § 404.1512(e) (stating that agency “will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques”); 20 C.F.R. § 416.912(e) (same).
Accordingly, further administrative proceedings are necessary to evaluate Cede-no’s application for DI and SSI benefits. In these proceedings, Cedeno will have the opportunity to prove she is entitled to DI and SSI benefits and produce additional evidence, such as any relevant clinical and laboratory diagnostic tests necessary to support Dr. Guerra’s opinion that she is disabled. We have determined that remanding only for a calculation of benefits would not be appropriate because the record does not present “persuasive proof’ of Cedeno’s disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir.1980), as the consultative physician found her arthritis imposed only mild limitations, Cedeno did not testify as to how she was impaired by arthritis, and the record contains no diagnostic test results.
Accordingly, the judgment of the district court is AFFIRMED.